UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAFFORD BROADNAX, an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware Company; DARA KHOSROWSHAHI; TONY WEST; PRASHANTH MAHENDRA-RAJAH; UBER USA, LLC, a foreign Company; BRIAN L. KUNTZ; MICHELLE G. PARKER; RASIER, LLC, a Delaware Company; DOES 1 through 12, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br>Defendants.,<br><br>Defendant(s). | Case No. 2:25-CV-00113-JAD-MDC<br><br>**ORDER REGARDING PENDING MOTIONS** |

The Court has reviewed the motions and related briefs below.  For good cause and the reasons set forth in this Order:

    1).    Defendants' *Motion to Stay Discovery* (ECF No. 25) is **GRANTED**.
    2).    Plaintiff's *Motion for Production of Documents* (ECF No. 15) is **DENIED**.
    3).    Plaintiff's *Motion to Strike* (ECF NO. 26) is **DENIED**.
    4).    Plaintiff's *Proposed Discovery Plan and Scheduling Order* (ECF No. 33) is **DENIED** as Moot.
    5).    Plaintiff's *Motions to Issue a Scheduling Order* (ECF Nos. 41 and 47) are **DENIED**.
    6).    Plaintiff's *Motion for Status Conference* (**ECF No. 46**) is **DENIED.**

I. **ANALYSIS**

    A.    **STAYING DISCOVERY IS APPROPRIATE**

The *Motion to Stay Discovery* (ECF No. 25) by defendants[1] Uber Technologies, Inc., Uber USA, LLC, and Rasier, LLC, seeks to stay discovery pending the resolution of their *Motion to Compel Arbitration* (ECF No. 6) and of plaintiff's *Motion to Remand* (ECF No. 5).  Federal courts have the "power

---

[1] The other defendants, Dara Khosrowshahi, Tony West, Prashanth Mahendra-Rajah, Brian L. Kuntz, and Michelle G. Parker, were voluntarily dismissed from the action on April 14, 2025.  *ECF No. 40.*

to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Erwine v. United States*, No. 3:24-CV-00045-MMD-CSD, 2024 WL 4029202, at *2 (D. Nev. Sept. 3, 2024), *reconsideration denied*, No. 3:24-CV-00045-MMD-CSD, 2024 WL 4707934 (D. Nev. Nov. 7, 2024)(*quoting Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted. "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id*. When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

This Court has previously adapted the pragmatic approach when considering whether to stay discovery pending the adjudication of dispositive motions. Under the pragmatic approach, the Court considers whether (1) the dispositive motions can be decided without further discovery; and (2) good cause exists to stay discovery. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024)(citing *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 U.S. Dist. LEXIS 198974, at *14 (D. Nev. Oct. 14, 2021).

Staying discovery in the matter is appropriate under the circumstances. Defendants assert that discovery is not needed to determine defendants' *Motion to Compel Arbitration* (ECF No. 6) and plaintiff's *Motion to Remand* (ECF No. 5), which plaintiff does not dispute. *See ECF Nos. 25 and 26.*

There is also good cause to stay discovery. The good cause element under the pragmatic approach

is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1.  Thus, good cause exists where a staying discovery secures "the just, speedy, and inexpensive determination" of the action.  Fed. R. Civ. P. 1.; *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."). *See also Schrader*, 2021 U.S. Dist. LEXIS 198974, *12 (good cause may be found where a movant seeks to stay discovery to prevent the undue burden or expense). Staying discovery under the circumstances of this case furthers the goals of Rule 1. For example, if defendants' Discovery *Motion to Compel Arbitration* (ECF No. 6) is granted, the scope of discovery in arbitration is generally much different than in court proceedings.  *See Schoenduve Corp. v. Lucent Techs., Inc.,* 442 F.3d 727, 731 (9th Cir. 2006) ("The strict procedural requirements that govern litigation in federal courts do not apply to arbitration. Arbitration offers flexibility, an expeditious result, and is relatively inexpensive when compared to litigation.") (citation omitted).

Therefore, good cause exists to stay discovery.

**B.      DISPOSITION OF THE OTHER MOTIONS**

Because the Court grants defendants' *Motion to Stay Discovery* (ECF No. 25), the Court primarily denies plaintiff's motions (ECF Nos. 15, 26, 33, 41, 46, and 47) as moot.  The Court notes, however, that plaintiff failed to comply with Local Rules LR IA 1-3(f); LR 26-1; and LR 26-6, and the Court's 02/20/2025 Standing Order (ECF No. 22).  Foremost, it is plaintiff's obligation to schedule and conduct the initial conference under Fed. R. Civ. P. 26(f), and then for the parties to file a joint stipulated discovery plan and scheduling order.  LR 26-1 states, in relevant part:  "The pro se plaintiff or plaintiff's attorney must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears." *Id.*

Federal Civil Procedure Rule 26(d)(1) further provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…." *Id*.  Next, Local Rules IA 1-3(f) and LR 26-6, and the Court's 02/20/2025 Standing Order (ECF No. 22) require a party to meet and

confer and to follow very explicit procedures in raising discovery disputes to the Court, which plaintiff failed to do. While the Court understands that plaintiff is proceeding without an attorney (i.e., "*pro se*"), pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record").

Defendants, however, are not blameless. The plaintiff notes that he attempted to hold a Rule 26(f) conference but that defendants refused such a meeting, taking the position that discovery should be stayed. *See ECF No. 33* The parties are reminded of their obligations to cooperate and to meet and confer in good faith to discuss pre-trial disputes. LR IA 1-3(f) provides, in relevant part: "[T] 'meet and confer' means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants." *Id.* In doing so, the parties must participate in all required conferences, exchange reasonable compromise proposals, and consider them in good faith. That dispositive motions may have been filed or may be filed is not grounds to refuse discovery or to participate in discovery required conferences. *See Erwine*, 2024 WL 4029202, at *2 (there is no automatic stay of discovery just because a potentially dispositive motion is pending.). Failure to engage in meaningful meet and confer efforts, other court-required conferences, or reasonably and professionally cooperate will result in sanctions.

Finally, plaintiff is cautioned against filing repetitive motions as they unduly burden the Court and staff, delay proceedings, and are unreasonable. Here, plaintiff improperly filed repetitive *Motions to Issue a Scheduling Order* (ECF Nos. 41 and 47).

//

//

### III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS ORDERED** that:

1). Defendants' *Motion to Stay Discovery* (**ECF No. 25**) is **GRANTED**.

2). Plaintiff's *Motion for Production of Documents* (**ECF No. 15**) is **DENIED**.

3). Plaintiff's *Motion to Strike* (**ECF NO. 26**) is **DENIED**.

4). Plaintiff's *Proposed Discovery Plan and Scheduling Order* (**ECF No. 33**) is **DENIED** as Moot.

5). Plaintiff's *Motions to Issue a Scheduling Order* (**ECF Nos. 41 and 47**) are **DENIED**.

6. Plaintiff's *Motion for Status Conference* (**ECF No. 46**) is **DENIED.**

DATED: May 13, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge