# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Rafford Broadnax, | Case No. 2:25-cv-00113-JAD-MDC |
| Plaintiff | |
| v. | **Order Denying Motions** |
| Uber Technologies, Inc., et al., | ECF Nos. 52, 53, 59, 61 |
| Defendants | |

Last month, I granted Uber Technologies, Inc.'s motion to compel the arbitration of former Uber driver Rafford Broadnax's claims for employee misclassification, unjust enrichment, breach of contract, negligence, estoppel, employment discrimination, retaliation, and misrepresentation.[1]  Broadnax moves for reconsideration of that order and seeks to disqualify me and the magistrate judge assigned to this case for failing to issue a discovery scheduling order by the deadline prescribed in Federal Rule of Civil Procedure (FRCP) 16.  He also petitioned the Ninth Circuit Court of Appeals for relief based on that scheduling-order theory and moves for a stay of my arbitration order pending the resolution of that petition.

The Ninth Circuit denied Broadnax's petition two weeks ago, so I deny his motion to stay as moot.  It is well established that the remedy for the perceived failure of a judge to apply the law correctly is appeal, not disqualification, so I deny the motion to

---

[1] ECF No. 51.

1

1  disqualify.  And because Broadnax has not shown a valid basis to vacate any portion of

2  the order compelling arbitration, I deny that motion, too.

3                                        **Discussion**

4  **A.     The court's decision not to issue a scheduling order while the motion to
           compel arbitration was pending is not a valid basis for disqualification
5          or reconsideration.**

6          Broadnax was eager to begin discovery in this case.  Just a few weeks after the

7  case was removed, he filed a motion to compel Uber to respond to discovery requests that

8  he had apparently propounded while the case was still in state court.[2]  Uber opposed the

9  motion as premature because Broadnax "had not initiated the scheduling of" the

10 discovery conference and "no discovery plan and scheduling order has been entered," and

11 it counter-moved to stay discovery pending a ruling on the motion to compel arbitration

12 and Broadnax's motion to remand.[3]  Broadnax moved to strike Uber's filing,[4] and the

13 parties ultimately filed a "Disputed Discovery Plan and Scheduling Order."[5]  Broadnax

14 then filed a motion urging the court to issue a discovery scheduling order, followed by

15 one seeking a hearing on the status of that motion,[6] followed by a third motion

16 demanding that the court issue the scheduling order and relying on FRCP 16(b)(2).[7]  The

17 magistrate judge denied all of Broadnax's motions and granted Uber's motion to stay

18 ───────────────

    [2] ECF No. 15.

19  [3] ECF No. 24 at 3.

20  [4] ECF No. 26.

    [5] ECF No. 33.

21  [6] ECF No. 46.

22  [7] ECF No. 47

23                                            2

1  discovery, finding that "good cause"—including the pendency of the motions to compel

2  arbitration and for remand, combined with the fact that neither side asserted that

3  discovery was needed to resolve those motions—supported the stay.[8]  Broadnax

4  objected.[9]  When I later denied his motion to remand and granted Uber's motion to

5  compel arbitration, I overruled that objection as moot and without prejudice to

6  Broadnax's ability to raise his discovery arguments before the arbitrator.[10]

7      Broadnax returns to his FRCP 16(b)(2) argument as the basis for his motions to

8  disqualify me and the magistrate judge and his lead argument in his motion to vacate my

9  order compelling arbitration.  Essentially he argues that FRCP 16(b)(2) says that the court

10 "must" issue a scheduling order within 90 days of service on the defendant, *must* means

11 *must*, and by violating FRCP 16(b)(2)'s 90-day requirement, this court also violated the

12 Nevada Code of Judicial Conduct, which requires, *inter alia*, judges to comply with the

13 law.[11]

14

15      ***1.***    ***The decision to delay the scheduling order was within the court's wide discretion to control the discovery process.***

16      Broadnax's argument ignores the reality that the Ninth Circuit has long recognized

17 that "[t]he district court has wide discretion in controlling discovery," and that discretion

18

19

---

20 [8] ECF No. 48 at 2–3.

   [9] ECF No. 49.

21 [10] ECF No. 51 at 16.

22 [11] ECF No. 52.

23                                    3

1 includes the ability to stay discovery while other important issues get sorted out.[12]

2 Indeed FRCP 16(b)(2) even allows the judge to delay issuance of the scheduling order for

3 "good cause."[13]  And good cause existed here.  Uber filed its motion to compel

4 arbitration just a week after it removed this case.[14]  If the court were to grant that motion,

5 the scope and course of discovery would be a matter for the arbitrator to decide in

6 accordance with the rules governing the arbitration provider.[15]  Courts often stay

7 discovery pending resolution of a motion to compel arbitration, particularly in cases like

8 this one where the court found that additional discovery was not needed to decide

9 whether to send the case to arbitration.[16]  And FRCP 1 requires the court to administer all

10 of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive

11 determination of every action and proceeding."[17]  So the magistrate judge's decision to

12 stay discovery instead of issuing a scheduling order under FRCP 16(b)(2) was consistent

13 with the rules of this court and did not constitute a legal error or violation of judicial

14 canons.  It thus supplies no legal basis to vacate my order or for disqualification.

---

[12] *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (noting that discovery rulings "will not be overturned unless there is a clear abuse of discretion" and holding that "[t]he trial court did not abuse its discretion by staying discovery until the immunity issue was decided.").

[13] Fed. R. Civ. P. 16(b)(2).

[14] ECF No. 6.

[15] ECF No. 6-2 at 33, § 13.3.

[16] *See Root v. Am. Express Nat'l Bank*, 2021 WL 2462270, at *1 (D. Nev. June 16, 2021) (collecting cases).

[17] Fed. R. Civ. P. 1.

1    **2.    *The court's rulings do not supply a basis for judicial disqualification.***

2    Even if the court's decision not to issue a scheduling order was erroneous, that

3    error would not merit the disqualification of any judge in this case.  As the United States

4    Supreme Court explained in *Liteky v. United States*, "judicial rulings" are no basis for

5    recusal.[18]  The statute that governs recusal, 28 U.S.C. § 455, "generally requires as the

6    basis for recusal something other than rulings, opinions formed, or statements made by

7    the judge during the course of" the case.[19]  "Unfavorable rulings alone are legally

8    insufficient to require recusal, even when the number of such unfavorable rulings is

9    extraordinarily high on a statistical basis."[20]  The proper vehicle for challenging legal

10   rulings that a litigant perceives as error is appeal, not disqualification.[21]  So I deny

11   Broadnax's motion to disqualify me and Magistrate Judge Couvillier because his

12   disagreement with our rulings is not a valid legal basis for disqualification.

13

14

15

16

17
─────────────────────
[18] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

18   [19] *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008).

19   [20] *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citing *Botts v.*
     *United States*, 413 F.2d 41, 44 (9th Cir. 1969)); *United States v. Studley*, 783 F.2d 934,
20   939 (9th Cir. 1986).

     [21] *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir.
21   2001) (noting that "[j]udges are known to make procedural and even substantive errors
     on occasion" and holding that a perceived erroneous ruling "would be the basis for
22   appeal, not recusal").

23                                          5

**B.      Broadnax has not identified any other proper basis for reconsideration of the order compelling arbitration.**

Before I reach Broadnax's other arguments, I first address the fact that he purports to bring this challenge to my order denying his motion to remand, compelling arbitration, and staying this case pending the arbitration under FRCP Rule 60(b)(1).  That rule is the wrong fit for the relief Broadnax seeks.  FRCP 60(b) authorizes courts to grant relief from "a final judgment, order, or proceeding" for enumerated reasons.[22]  But an order compelling arbitration and staying proceedings is not a final, appealable judgment; it's an interlocutory one to which FRCP 60(b) does not apply.[23]  So as a courtesy to Broadnax, I liberally construe his motion as one for reconsideration instead.[24]

This court's local rule 59-1 contemplates reconsideration of an interlocutory order if "(1) there is newly discovered evidence that was not available when the original motion nor response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[25]  The rule cautions that "[m]otions for reconsideration are disfavored," and "[a] movant must not

---

[22] Fed. R. Civ. P. 60(b).

[23] *See, e.g.*, *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a court compels arbitration . . . Congress made clear that, absent certification of a controlling question of law by the district court under 28 U.S.C. § 1292(b), the order compelling arbitration is not immediately appealable."); *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 961 (9th Cir. 2007); 9 U.S.C. § 16(b).

[24] *See Hermosillo v. Davey Tree Surgery Co.*, 821 F. App'x 753, 756 (9th Cir. 2020) (unpub.) (holding that because an order compelling arbitration is an interlocutory and not final one, plaintiff can move the district court for reconsideration).

[25] L.R. 59-1(a).

repeat arguments already presented unless (and only to the extent) necessary to explain

controlling, intervening law or to argue new facts."[26]  "A motion for reconsideration is

not an avenue to re-litigate the same issues and arguments upon which the court already

has ruled,"[27] and it may not be based on arguments or evidence that could have been

raised previously.[28]

Aside from the FRCP 16(b)(2) theory,[29] Broadnax argues (1) that the arbitration

agreement is unenforceable because another term in the contract that contains that

agreement is invalid and "if part of" that agreement "is not in compliance with the law[,]

the entire Agreement is" void or invalid,[30] (2) that I ignored his objections to Uber's

Paralegal's sworn statement, and (3) that Uber and its counsel have been misleading

---

[26] L.R. 59-1(b).  *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  While the Ninth Circuit has not established a standard of review for motions to reconsider interlocutory orders like this one, district courts frequently apply the standard applicable to FRCP 59(e) motions to reconsider final judgments.  *See In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*, 614 F. Supp. 3d 783, 788 (D. Or. 2022), aff'd, 2023 WL 7211394 (9th Cir. 2023) (collecting authorities).

[27] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[28] *See Kona Enters., Inc. v. Es. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[29] Broadnax begins his motion by suggesting that the undersigned was somehow taken by "surprise," was "interrupted" by an "emergency action," or "rush[ed]" the decision because it was filed on a Sunday, a "day of leisure."  *Id*. at 1–2.  Nothing about this decision was rushed, an emergency, or a surprise.  Rather, the need to address the growing mountain of motions—twelve from Broadnax and three from Uber over just four months—was the reason for the overtime work and expenditure of extra court resources.

[30] ECF No. 53 at 6.

7

1  about how discovery should proceed.  None of these arguments supports reconsidering or

2  vacating my order.[31]

3         Broadnax's argument that Uber "misrepresented" itself in the Platform Access

4  Agreement as having been legally appointed as his limited agent for payment collection[32]

5  does not impact the enforceability of the agreement's arbitration provision.  The United

6  States Supreme Court held in *Rent-A-Center West, Inc. v. Jackson* that "a party's

7  challenge to another provision of the contract, or to the contract as a whole, does not

8  prevent a court from enforcing a specific agreement to arbitrate."[33]  So it is of no

9  consequence that Broadnax believes that Uber is not complying with other terms of the

10 contract or that other provisions violate the law.

11        His assertion that I "accepte[ed] Uber's Paralegal Deborah Soh's [s]worn

12 [s]tatement as fact and disregarded the [f]act that [Broadnax] [o]bjected" and that I

13 _____

14 [31] In a separate motion to supplement his motion to vacate, ECF No. 61, Broadnax adds the new argument that NRS 597.995 requires an "initial line directly below the arbitration clause" or "specific authorization" to make the agreement enforceable.  The "evidence" he offers in support of this theory is a Google AI search result. *Id*. at 5.  The court will not consider this argument, raised only in a second round of reconsideration briefing, because this is not new evidence, rather just a new argument, and Broadnax has not shown that it could not have been raised in his opposition to the motion to compel arbitration. *See Rosenfeld v. U.S. Dep't of Just.*, 57 F.3d 803, 811 (9th Cir. 1995) (holding that "[t]he district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse").  Permitting litigants endless chances to come up with new arguments on decided issues usurps the court's limited resources and strains this court's obligations under FRCP 1.  The court's policy to not consider on reconsideration new arguments that could have been raised in the initial motion briefing fosters judicial economy.  So I deny the motion to supplement. ECF No. 61.

21 [32] ECF No. 53 at 5–6.

22 [33] *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010).

23                                    8

"never [r]uled on [his] [o]bjection to Deborah Soh's [s]worn [d]eclaration"[34] is unsupportable.  The order expressly addresses this objection on its merits at pages 7–13 and in footnotes 30 and 45.[35]  Broadnax has not demonstrated that this analysis was clearly erroneous or manifestly unjust.

The various arguments that Uber is "not transparent" or has "misrepresented" various facts does not establish a basis to vacate my order.  None of these points goes to the heart of my decision to compel arbitration or any other ruling.  To the extent that he raises these points to show that he should get to conduct discovery into these issues, Broadnax will have an opportunity to make all of these arguments to the arbitrator.  But Broadnax has not shown that they constitute a valid basis to reconsider or reverse any portion of the order compelling arbitration.

**C.    The Ninth Circuit's denial of Broadnax's petition for writ of mandamus moots his motion to stay.**

Finally, Broadnax moves this court to stay the effect of my order compelling arbitration until August 4, 2025, to give the Ninth Circuit time to consider the petition for writ of mandamus that he filed on May 20, 2025, in which he asked the appellate court to compel the issuance of the discovery scheduling order.[36]  The Ninth Circuit denied that

---

[34] ECF No. 53 at 6.

[35] *See* ECF No. 51 at 7–13.

[36] ECF No. 59.

petition on June 16, 2025, and closed that case.[37]  Because there is no longer any petition pending, I deny as moot Broadnax's motion to stay.

## Conclusion

IT IS THEREFORE ORDERED THAT:

- Plaintiff Rafford Broadnax's Motion to Disqualify Judge Jennifer A. Dorsey and Magistrate Judge Maximiliano D. Couvillier III **[ECF No. 52] is DENIED**;

- His motion to vacate the May 18, 2025, Order Denying Motion to Remand, Granting Motion to Compel Arbitration, and Staying Case Pending Arbitration **[ECF No. 53] is DENIED**, and his motion to supplement that motion **[ECF No. 61] is also DENIED**; and

- His request to stay this case due to the pendency of the petition for a writ of mandamus **[ECF No. 59] is DENIED** as moot.

Broadnax is cautioned that this court has sent this case to arbitration and repeatedly rejected his FRCP 16(b)(2) arguments regarding the scheduling order and other discovery issues in this case on their merits.  The proper forum for those arguments is now arbitration or any proper appeal, not another motion for reconsideration or other relief in this district court case.  This court's local rule 59-1(b) provides that "[a] movant

---

[37] *See In re: Rafford Broadnax*, No. 25-3228, Dkt. No. 4.1.

who repeats arguments will be subject to appropriate sanctions."[38]  So motions re-urging these arguments may be summarily denied or subject to other sanctions.

_____
U.S. District Judge Jennifer A. Dorsey
July 1, 2025

---

[38] L.R. 59-1(b).

11