**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Rafford Broadnax,

     Plaintiff

v.

Uber Technologies, Inc., et al.,

     Defendants

Case No. 2:25-cv-00113-JAD-MDC

**Order Denying Second Motion for Reconsideration and Resolving Related Requests**

ECF Nos. 70, 73, 80, 83, 89, 90, 91, 99, and 104

Ten months ago, I granted Uber Technologies, Inc.'s motion to compel the arbitration of former Uber driver Rafford Broadnax's employment claims against it and stayed this case pending arbitration.[1] Broadnax immediately sought reconsideration of the order compelling arbitration.[2] I found that none of his arguments supported reconsideration, so I denied that motion.[3]

Broadnax has since filed another motion for reconsideration, along with a motion to stay the order compelling arbitration and numerous requests to supplement his reconsideration briefing. His hook this time is that "newly acquired evidence" shows that the Federal Arbitration Act (FAA) doesn't govern his case because Uber drivers perform purely intrastate work, and the FAA doesn't apply to purely intrastate commerce.[4] But

---

[1] ECF No. 51.

[2] ECF No. 53.

[3] ECF No. 62.

[4] ECF No. 70 at 6–7.

1

this isn't "evidence"—it's argument, and not the kind that opens the door to reconsideration. So I deny this second motion for reconsideration and the requests to supplement it. This case must now be arbitrated, and further requests for relief must be made to the arbitrator, not this court.

**A.        Broadnax has not identified proper grounds for reconsideration.**

As Broadnax acknowledges in this second motion for reconsideration, there are three ways to get reconsideration of an interlocutory order like the one compelling arbitration of this case: "(1) there is newly discovered evidence that was not available when the original motion nor response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[5] Broadnax relies on the first category here, explaining that he brings this motion for reconsideration based on "newly discovered evidence that was not available to [him] when [his] original Motion to Vacate Order (ECF No. 53) was filed."[6] The "evidence" that he offers is:

- The Interstate Commerce Act of 1887;

- The Commerce Clause of the United States Constitution; and

- Numerous cases, none of which is newer than 2023.[7]

---

[5] L.R. 59-1(a); *see also* ECF No. 70 at 2 (quoting L.R. 59-1(a)).

[6] ECF No. 70 at 1, 7.

[7] *See generally id.*

2

He argues that these authorities show that the FAA "does not apply to [him] because majority of [his] rides are Intrastate Commerce."[8]  And Broadnax explains that "[i]t took [him] time to research Statues [sic], Codes and Acts, locate Statues [sic], Codes and Acts, and to make sure [he] was citing the correct Federal Rules of Civil Procedure."[9]

This is not evidence.  Statutes, codes, acts, and cases are not evidence, they are law.  So the portion of the rule that allows reconsideration based on newly discovered evidence doesn't give Broadnax a basis to move for reconsideration on this new intrastate-commerce argument that is founded on law that he only now has "discovered."

While there is a reconsideration category for legal arguments, that category requires that there be "an intervening change in controlling law."[10]  The fact that this intrastate-commerce argument is a newly discovered one for Broadnax does not meet that standard.  The laws he relies on have not changed.  Indeed, the cornerstones of his argument—the U.S. Constitution and the Interstate Commerce Act—date back to 1789 and 1887, respectively.  The rules of this court don't permit Broadnax to seek or receive reconsideration based on an old and previously available argument just because he only recently dug it up.

This court understands that Broadnax has been working hard to—as he describes it—"acquire the tools of the Law Trade" to continue to make his points to this court.[11]

---

[8] *Id*. at 6.

[9] *Id*. at 4 (cleaned up).

[10] L.R. 59-1(a)(3).

[11] ECF No. 70 at 4.

3

But the federal courts are sticklers for process, and the time for Broadnax to have made these arguments was more than a year ago when he filed his opposition to Uber's motion to compel. The Ninth Circuit Court of Appeals has made it clear that reconsideration will not be awarded based on arguments or evidence that could have been raised previously,[12] and the argument that Broadnax now raises could have been raised previously. Because the argument that Broadnax offers in this second motion for reconsideration does not merit reconsideration, his motion and all the requests to supplement it with even more argument are denied.

**B.     Even if Broadnax's argument were a proper basis for reconsideration, it would not undermine this court's order compelling arbitration.**

Had Broadnax's recently discovered argument met any of the categories of reasons that reconsideration can be granted, it still would not cause this court to vacate the order compelling arbitration. Broadnax's argument is that his employment as an Uber driver was purely local and the FAA requires an interstate-commerce hook to apply, so the court was wrong to use the FAA as a basis to compel arbitration.[13]

But as I noted in the order compelling arbitration, Broadnax's agreement with Uber planned for this possibility. The arbitration clause states, "[i]f . . . the Federal Arbitration Act does not apply to this Arbitration Provision, the law pertaining to arbitration agreements of the state where you reside when you entered into this

---

[12] *See Kona Enters., Inc. v. Es. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[13] ECF No. 70 at 5.

Agreement shall apply."[14]  And Uber expressly acknowledged in its underlying briefing that "[a]ll of Plaintiff's trips completed using Uber's Driver App occurred in Las Vegas, Nevada," and were thus not interstate or foreign.[15]  So assuming without deciding that Broadnax is right that the court couldn't use the FAA to compel arbitration,[16] the court still had the ability to compel arbitration under Nevada law.

What Broadnax's new argument doesn't establish is that the outcome of the motion to compel arbitration would have been different under Nevada law than under the

---

[14] ECF No. 8 at 5, § 13.1(a); *see* ECF No. 51 at n.59.

[15] *See* ECF No. 6-2 at 6, ¶ 19 (Deborah Soh decl.).

[16] In his reply brief, Broadnax asks this court "how can the FAA Compel the Plaintiff to Arbitration when the United States Supreme Court already ruled in 2019 on *New Prime Inc. v. Oliveira*" and other cases "that 'Transportation Workers' are exempt from the FAA?"  ECF No. 73 at 6.  Broadnax's attempt to circle back to *New Prime* is not permissible under the reconsideration rules.  *See Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.").  *New Prime* was heavily addressed in the motion-to-compel-arbitration briefing as Broadnax argued that the interstate-transportation-worker exemption takes his case outside of the reach of the FAA.  *See* ECF No. 51 at 13 (citing ECF No. 14 at 5).  But that argument was foreclosed by the Ninth Circuit's holding in *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 863–64, 866–67 (9th Cir. 2021), that "Uber drivers do not fall within" that exemption because they are not engaged in interstate commerce.  *See* ECF No. 51 at 14.

*Capriole* also likely undermines Broadnax's argument here that the intrastate nature of his work means that the FAA doesn't apply.  The Ninth Circuit applied the FAA in that case and found that "the district court properly granted Uber's motion to compel arbitration" despite expressly "conclud[ing] that Uber drivers . . . are not 'engaged in foreign or interstate commerce.'"  *Capriole*, 7 F.4th at 863, 871.  And as the *Capriole* court noted, whether the interstate-transportation-worker exemption applies and whether an agreement "sufficiently affect[s] commerce to fall under the FAA's purview" are different questions.  *Id*. at n.1.  But I don't expressly decide this issue because (1) it's not properly before this court for reconsideration and (2) Broadnax does not show that the arbitration agreement would not be enforceable under Nevada law.

FAA.  In interpreting the arbitration provision and finding it enforceable in the order compelling arbitration, I applied Nevada contract law.[17]  Plus, Nevada law favors arbitration just like the FAA does:

> There is a strong presumption in favor of arbitrating a dispute where a valid and enforceable arbitration agreement exists between the parties.  Nevada courts resolve all doubts concerning the arbitrability of the subject matter of a dispute in favor of arbitration.  Nevada has a "fundamental policy favoring the enforceability of arbitration agreements," and courts "liberally construe arbitration clauses in favor of granting arbitration."[18]

So Broadnax has not established that arbitration would not have been compelled had this court applied Nevada law instead of the FAA when resolving Uber's motion to compel arbitration.

**C.     Broadnax's chances to get this court to change its mind about the order compelling arbitration have run out; this case must now be arbitrated.**

The opportunity in this court for arguing the propriety of compelling arbitration has ended.  Broadnax has filed two motions for reconsideration that were followed by

---

[17] *See generally* ECF No. 51 at 5 ("THEREFORE, if it has been established above that NRS 706A.040 Driver's Rides are considered Intrastate Commerce, then the question arises how the FAA can compel the Plaintiff to Arbitration if the FAA cannot be enforced because the Contract (Driver's Rides in this case) is considered Intrastate Commerce within the State of Nevada.  See the following cases within the Circuit Courts that have set precedent that the FAA cannot be enforced because the Contract . . . is considered intrastate commerce.").

[18] *Kumar v. Tata Consultancy Servs. Ltd.*, 804 F. Supp. 3d 1133, 1136 (D. Nev. 2025) (internal citations omitted).

6

blizzards of supplemental and amended filings[19] and requests for status conferences or prodded rulings.[20] **This must stop.** This court has compelled arbitration and twice affirmed that ruling, and this case is stayed pending arbitration. So the forum for any further arguments in this dispute is arbitration, not this court. Broadnax is cautioned that future motions for reconsideration may be denied or struck as a litigation abuse, and the court may impose sanctions for vexatiously multiplying the proceedings.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff Rafford Broadnax's Motion to Reconsider Interlocutory Order **[ECF No. 70] is DENIED.** Broadnax may not file any more motions for reconsideration of, or otherwise seek to vacate or set aside, the order compelling arbitration or any order denying reconsideration of it. Further relief in this case must be sought from the arbitrator in the arbitration proceeding or on appeal to the Ninth Circuit after the completion of the arbitration proceeding.

IT IS FURTHER ORDERED that Broadnax's motion to amend his reply in support of the motion to reconsider **[ECF No. 73] is GRANTED**; in deciding this second motion for reconsideration [ECF No. 70], the court considered the amended version of his reply brief at ECF No. 73 instead of ECF No. 72. IT IS ALSO ORDERED that

_____

[19] ECF Nos. 61, 73, 83, 89, 90, 91, 99.

[20] ECF Nos. 96, 98, 102. Broadnax has received a similar warning in his case pending against *Lyft*. *See* ECF No. 156 at p.5 in *Broadnax v. Lyft, Inc.*, 2:25-cv-190-APG-BNW ("Now that I have explained the rules and have denied his second motion for reconsideration, I do not expect him to file serial motions for default or another motion for reconsideration with repeated motions to supplement. I reiterate to Broadnax that this case is stayed pending arbitration.").

7

Broadnax's motion to amend his filing at ECF No. 90 to add the missing certificate of service **[ECF No. 91] is GRANTED**; the court considered the version of his motion to amend at ECF No. 91 when resolving the motion at ECF No. 90.

IT IS FURTHER ORDERED that Broadnax's motion for leave to amend his complaint and motion to preserve evidence **[ECF Nos. 89, 104] are DENIED** without prejudice to Broadnax's ability to seek that relief from the arbitrator in the arbitration proceeding.

IT IS FURTHER ORDERED that the motion to stay the order compelling arbitration **[ECF No. 80] is DENIED.**  This case must proceed to arbitration.

IT IS FURTHER ORDERED that Broadnax's motions to supplement his reconsideration briefing **[ECF Nos. 83, 90, 99] are DENIED.**

**This case remains stayed pending arbitration.**

_____
U.S. District Judge Jennifer A. Dorsey
April 3, 2026

8